Curia, per

Butler, J.
The recoveries against the defendant in these (cases, were for trespasses committed before he carried his property out of the-State ; and he is now called on to make atonement and satisfaction to the parties injured, by complying with the legal requisitions of the country whose laws he had violated. This he cannot do upon the terms which he proposes. He must either satisfy the judgments against him, by paying the money, or he must comply with the law which requires him to deliver his property to assignees, within the jurisdiction of this State.
By the defendant’s schedule, it appears that he has more property than is sufficient to satisfy the plaintiff’s demands. There is nothing to pre. vent his bringing it here. At the time he came himself he could have brought his property. It was then under his personal control and direction ; and that was since the actual recovery against him.
But there is nothing now to prevent his ordering his agent, who has the superintendence of it, to bring the property here. The plaintiff did offer to prove that an7 action had been commenced on the exemplifications of these judgments in Alabama. This, certainly, can interpose no greater impediment to his bringing back his property, than these actions originally did to his carrying it away. But a satisfaction of the recoveries here, would be a perfect bar to an action any where else. The Act of *296 1833 is so specific and imperative on this subject, that the court is deprived of all discretion. The 6th section of that Act is in the following words : “ In all cases where a prisoner applies for the benefit of the prison bounds Act, the judge or commissioner before whom the application is mads, shall not discharge him from his confinement until the property contained in his schedule is produced and delivered to the assignees of such prisoner, if it be, or has been, in his power to deliver the same since his arrest.” 1 think it is very evident that it is now in the power of the prisoner to produce and deliver the property in his schedule, if he thought proper to do so. No prisoner actually in confinement can go personally and take his property, but this does not deprive him of the power of controlling his own agents. When he has been dispossessed of his property, before his confinement, by the seizure of the law, or any thing else that deprives him of any legal control over it, he might claim all the benefits of this Act. The law never requires impossibilities ; and if a defendant’s property were to be taken from him after his arrest, either by the act of the law itself, or by the act of God, the defendant would not be kept in prison by reason of its non-production. But if a defendant were voluntarily to put it out of his own power to produce it, or even to refuse to produce it, when it was in his power, he cannot avail himself of either his .fraud or his obstinacy, to avoid the requisitions of the law. The arrest must always be under mesne or final process ; and 1 think the arrest in this case must be regarded as made under mesne process, and to have reference to the time when defendant was first taken and gave bail. He went into the prison himself, voluntarily, in discharge of his bail; and that cannot therefore be considered as the time of his arrest. He may be, therefore, regarded as in prison by virtue of an arrest on mesne process. But I think this unimportant; for his want of ability to produce his property, does not exist in fact; and if it were so, it has been by his own act, in fraud or evasion of the plaintiff’s rights.
I understand the plaintiffs do not insist on their ground if the defendant’s ground should be decided against him; but that they are willing the defendant should be discharged when he shall satisfy their judgments; or when he shall produce aud deliver up to assignees his property, or as much as will be necessary to satisfy the plaintiffs’s demands. This being understood, the court has not considered plaintiffs’s ground of appeal.
It is therefore ordered, that defendant be discharged from confinement as soon as he shall produce and deliver to plaintiffs or their assignees, the property mentioned in his schedule, or as much thereof as will satisfy the pases under which he is confined. Until this order is complied with, or *297 until he otherwise satisfies the recoveries against him, the defendant Can-hot be discharged.
Motion refused.
Gantt, Richardson, Evans., and Earle,- JJ: concurred’.